### MORGAN v. MORGAN et al.

(Supreme Court, Appellate Term, First Department. December 17, 1914.)

LANDLORD AND TENANT (§ 306*)—SUMMARY PROCEEDINGS—PLEADING—PROOF.
　　A plaintiff, who seeks as landlord in summary proceedings the removal of defendant as tenant for nonpayment of rent, must, to obtain a final order, prove the allegations of his petition, and he cannot sustain an order on the theory that defendant, alleging an invalid gift, is a mere squatter.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1313; Dec. Dig. § 306.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by John Morgan against Theresa K. Morgan and others. From a final order in summary proceedings for plaintiff, as landlord, defendants appeal. Reversed, and new trial ordered.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

John J. Cunneen, of New York City, for appellant Theresa K. Morgan.
　　Frederick L. Kane, of New York City, for appellant John Morgan.
　　Alexander Thain, of New York City, for respondent.

LEHMAN, J. The tenant appeals from a final order in summary proceedings entered upon the direction of a verdict. The order is based upon a petition alleging nonpayment of rent after demand. There is no proof of agency on the part of the person making the petition, there is no proof of a demand, and whatever slender proof there is of a lease is met by the proof of the defendant that she occupied the premises under a gift from a former owner.

Conceding that the alleged gift is invalid, still, if the defendant's testimony is true, she entered into no contract, express or implied, to pay rent. The plaintiff does not seriously contend that he has con-

---

clusively proven the allegations of his complaint, but does contend that the final order should be sustained, on the ground that he has shown that the defendant is a squatter. The court has, however, obtained jurisdiction only by means of his sworn petition, and the plaintiff cannot thereafter seek to sustain a final order, unless he has made proof according to his allegations. Regardless, therefóre, of any question of whether the petitioner can bring a new petition upon other facts, it appears that the present order must be reversed.

Order reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.